```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

JASPER TUJUIAN ALLEN,            )
                                 )
     Petitioner,                 )   Civil No. 5: 16-CV-142-JMH
                                 )
V.                               )
                                 )
KENNY ATKINSON,                  )       **MEMORANDUM OPINION**
                                 )           **AND ORDER**
     Respondent.                 )

                    ****    ****    ****    ****

Jasper Tujuian Allen is an inmate confined at the Federal Medical Center in Lexington, Kentucky. On March 18, 2016, Allen filed a *pro se* "motion to compel" pursuant to 28 U.S.C. § 1361 and 28 U.S.C. § 1651 in the Eastern District of North Carolina. [R. 1] On May 11, 2016, that Court construed Allen's motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and transferred it to this Court pursuant to 28 U.S.C. § 1631. [R. 4]

In his petition, Allen indicates the Bureau of Prisons ("BOP") initially granted his request to participate in the Residential Drug Abuse Program ("RDAP"), but later withdrew approval because a prior conviction for involuntary manslaughter rendered him ineligible, an action he characterizes as arbitrary and capricious. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of*

*Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Allen's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Allen's petition must be denied. First, 18 U.S.C. § 3625 categorically excludes from judicial review discretionary decisions made by the BOP pursuant to 18 U.S.C. § 3621-3524, which includes RDAP eligibility determinations made under 18 U.S.C. § 3621(e)(2)(B). *Reeb v. Thomas*, 636 F. 3d 1224, 1226-28 (9th Cir. 2011) (holding that 18 U.S.C. § 3625 precludes judicial review of individualized RDAP determinations). Allen's challenge to the BOP's conclusion that his prior offense falls within one of the categorical exclusions set forth in 28 C.F.R. § 550.55(b)(4), (5) is a challenge to an individualized and discretionary determination, a decision that § 3625 prevents this Court from reviewing. Second, although Allen's petition does not expressly

2

challenge the BOP's determination on constitutional grounds, any such challenge would fail as a matter of law. Cf. *Standifer v. Ledezma*, 653 F.3d 1276, 1279 (10th Cir. 2011) (no constitutional right to participate in RDAP).

As a final note, the BOP's regulations implementing the RDAP program provide that an inmate is categorically ineligible if he has a prior felony or misdemeanor conviction for certain offenses, including "Homicide (including deaths caused by recklessness, but not including deaths caused by negligence or justifiable homicide)..." 28 C.F.R. § 550.55(b)(4)(i). Allen suggests that the BOP invoked this subsection as grounds to conclude that he was ineligible to participate in the RDAP.

However, the BOP has recently adopted an important change to the pertinent regulation, which will limit the categorical exclusion to "Inmates who have a prior felony or misdemeanor conviction <u>within the ten years prior to the date of sentencing</u> for their current commitment ..." 28 C.F.R. § 550.55(b)(4). Allen indicates that his involuntary manslaughter conviction is 23 years old. [R. 1 at 1, R. 1-1 at 2]  If so, under the revised rule it appears that his prior conviction will no longer result in a categorical exclusion from the RDAP.

This change will become effective on May 26, 2016. See 81 Fed. Reg. 24490-2 , 2016 WL 1625949 (Apr. 26, 2016) ("The Bureau

modifies this language to clarify that we intend to limit consideration of 'prior felony or misdemeanor' convictions to those which were imposed within the ten years prior to the date of sentencing for the inmate's current commitment. By making this change, the Bureau clarifies that it will not preclude from early release eligibility those inmates whose prior felony or misdemeanor convictions were imposed longer than ten years before the date of sentencing for the inmate's current commitment."). Therefore, if Allen reapplies to participate in the RDAP after May 26, 2106, the outcome may be different.

Allen is advised that should the BOP again deny his request to participate in the RDAP, before he seeks habeas relief in federal court he must exhaust his administrative remedies prior to filing suit by using the BOP's Inmate Grievance Program. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). A petition filed before administrative remedies are fully exhausted will be denied without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Jaspar Allen's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4

3.  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 12th day of May, 2016.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge